UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ADVANCED MARKETING
INTERNATIONAL, INC.,

                    Plaintiff,

-vs-                                         Case No.  5:05-cv-446-Oc-10GRJ

ALLAN ENRIQUEZ, JULIE ENRIQUEZ,
ALLAN & JULIE ENRIQUEZ, INC., HY
CITE CORPORATION, a Wisconsin
Corporation,

                    Defendants.

_____/

## O R D E R

The United States Magistrate Judge has issued a report (Doc. 26) recommending that the Plaintiff's Motion to Remand (Doc. 9) be granted, and that the Defendants' Motion to Dismiss, Transfer, or Stay (Doc. 3) be denied as moot.  Since the Magistrate Judge issued his report and recommendation, the Plaintiff voluntarily dismissed its claims against Allan Enriquez, Julie Enriquez, and Allan & Julie Enriquez, Inc. (Doc. 34).  Accordingly, Hy Cite Corporation is the only remaining Defendant in this action.

In his report, the Magistrate Judge recommended that this action be remanded because Allan Enriquez, Julie Enriquez, and Allan & Julie Enriquez, Inc. entered into agreements with the Plaintiff which contained mandatory and enforceable forum selection clauses.  The Magistrate Judge did not address whether the forum selection clause applied to Hy Cite Corporation.  Nevertheless, the Court concludes that this action is due to be

remanded to the court from which it was removed because this case is inextricably intertwined with its two companion cases, which have already been remanded to state court.[1]  In addition, the removability of a case is determined as of the time of removal;[2] therefore, in considering the posture of this case at the time of removal, the Court concurs with the Magistrate Judge that this case is due to be remanded to the court from which it came.

Accordingly, upon due consideration and upon an independent examination of the file, it is ordered that:

(1) the report and recommendation of the Magistrate Judge (Doc. 26) is adopted, confirmed and made a part hereof;

(2) the Plaintiff's Motion to Remand (Doc. 9) is GRANTED and the Defendants objections thereto are OVERRULED;[3]

---

[1]     See Advanced Marketing Int'l, Inc. v. Morgan, Case No. 5:05-cv-435-Oc-10GRJ; Advanced Marketing Int'l, Inc. v. Ferguson, Case No. 5:06-cv-15-WTH-GRJ.

[2]     See Leonard v. Enterprise Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002).

[3]     The Defendants contend that the Magistrate Judge incorrectly applied federal law to determine the enforceability of the forum selection clause in the distributor's agreement and that the forum selection clause is invalid under Florida law.  However, it is clear that federal law, not state law, governs the determination of whether to enforce a forum selection clause in a diversity jurisdiction case.  See P & S Business Machines, Inc. v. Canon USA, Inc., 331 F.3d 804, 807 (11th Cir. 2003) ("Consideration of whether to enforce a forum selection clause in a diversity jurisdiction case is governed by federal law, under 28 U.S.C. § 1404(a) (1982), not state law"); Stewart Org., Inc. v. Ricoh Corp., 810 F.2d 1066, 1067 (11th Cir. 1987) ("holding that forum selection clauses present procedural questions to be resolved by federal law independent of forum state policy"). The Defendants' reliance on Alexander Proudfoot Co. World Headquarters v. Thayer, 877 F.2d 912 (11th Cir. 1989), is misplaced since, unlike Proudfoot, the issue presented in this case is
(continued...)

(3) the Defendants' Motion to Dismiss, Transfer or Stay (Doc. 3) is DENIED AS MOOT; and

(4) the Clerk is directed to take all necessary steps to remand this case to the court from which it was removed.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 14th day of June, 2006.

_W. Terrell Hodges_

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record

---

[3](...continued)
whether the forum selection clause waives an employee's right to remove, and not whether the forum selection clause confers personal jurisdiction over an employee.  And, in any event, the Defendants cannot now raise the defense of lack of personal jurisdiction since that defense was waived by omitting the defense from their motion to dismiss.  See Federal Rule of Civil Procedure 12(g) and (h); Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990); Doc. 3, Motion to Dismiss, Transfer or Stay.